## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHAD EDWARD KNOX**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 20-884-DMD**

**JERRY LARPENTER, ET AL.**

### ORDER AND REASONS

Chad Edward Knox, a state pretrial detainee at the Terrebonne Parish Criminal Justice Complex ("TPCJC"), filed this federal civil action pursuant to 42 U.S.C. § 1983.  In his original complaint, he sued Jerry Larpenter, Tim Soignet, and Stephen Bergeron, alleging that those TPCJC officials exposed him to – and failed to adequately treat him for – a Staphylococcus infection.[1] However, during the scheduling conference held to select a trial date in this matter, plaintiff indicated that he wished to file an amended complaint to add claims against additional defendants.[2] With leave of the Court,[3] plaintiff thereafter filed an amended complaint to add claims against Gordon Dove and Richard Neal.[4]  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).[5]

---

[1] Rec. Doc. 4.
[2] See Rec. Doc. 14.
[3] Rec. Doc. 17.
[4] Rec. Doc. 18.
[5] Rec. Doc. 40.

Currently pending before the Court is a motion to dismiss filed by defendants Dove and Neal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6]  Plaintiff opposes that motion.[7]

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted.  In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted).  However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is **plausible** on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (emphasis added; footnote, citation, and quotation marks omitted).  On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

---

[6] Rec. Doc. 28.  That motion is purportedly also filed on behalf of the TPCJC.  However, it does not appear that the facility was actually named as separate defendant in either the original or amended complaint, and, therefore, the Court does not consider the TPCJC to be a defendant in this action.  Nevertheless, even if plaintiff intended to name the facility as a defendant, then, as the motion correctly argues, the claims against the facility would have to be dismissed. "The Terrebonne Parish Criminal Justice Complex simply is not a proper defendant under any circumstances.  A jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013) (quotation marks and brackets omitted); accord Authement v. Terrebonne Parish Sheriff's Office, Civ. Action No. 09-5837, 2009 WL 4782368, at *4 (E.D. La. Dec. 3, 2009); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009).

[7] Rec. Doc. 39.

In the amended complaint adding Dove (who serves as the Terrebonne Parish President) and Neal (who serves as the TPCJC medical unit's administrator) as defendants, plaintiff states his claims against those defendants as follows: "Terrebonne Parish Consolidated Gov't President employs the medical staff at the Terrebonne Parish Criminal Justice Complex. President Gordon Dove and Medical Supervisor Richard Neal are also responsible for negligence and my well being at the TPCJC."[8] Dove and Neal argue that those claims fail to state a plausible claim against them in either their official or individual capacities. For the following reasons, they are correct.

## I. Official-Capacity Claims

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Dove and Neal would in reality be a claim against the local governmental body itself. However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, **a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted**. To satisfy the cause in fact requirement, **a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom**. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No.

---

[8] Rec. Doc. 18, p. 5.

3

09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Therefore, if he is asserting claims against Dove and Neal in their official capacities, plaintiff's allegations fall short of what is required to state such claims.

## II.  Individual-Capacity Claims

"Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Here, plaintiff did not allege in the amended complaint that either Dove or Neal personally took – or failed to take – any actions with respect to plaintiff's exposure to or medical care for the Staphylococcus infection. As already noted, plaintiff's statement of his claims in his amended complaint, *in its entirety*, merely alleged:  "Terrebonne Parish Consolidated Gov't President employs the medical staff at the Terrebonne Parish Criminal Justice Complex. President Gordon Dove and Medical Supervisor Richard Neal are also responsible for negligence and my well being at the TPCJC."[9]  Those allegations fall short of what is required to state a plausible federal claim.

---

[9] Rec. Doc. 18, p. 5.

For example, neither the fact that Dove employs the medical staff nor the fact that Neal holds a supervisory position in the medical unit suffices to serve as a basis for federal liability. At best, those allegations, fairly construed, are nothing more than ones attempting to hold Dove and Neal vicariously liable for the actions or inactions of the TPCJC medical staff. However, "[u]nder section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Therefore, "[s]upervisors cannot be held liable for constitutional violations committed within the jail if they had no personal involvement." Sanchez v. Young County, 866 F.3d 274, 281 (5th Cir. 2017); see also Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) ("In a § 1983 suit ... – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

Plaintiff's allegation that Dove and Neal were negligent fares no better. In fact, it is insufficient for at least two reasons. First, it is a wholly conclusory allegation which does nothing more than draw a legal conclusion unsupported by any non-conclusory factual allegations. However, while "the court must accept the facts in the complaint as true" in ruling on a motion to dismiss, the court "will **not** accept as true **conclusory allegations**, unwarranted factual inferences, or **legal conclusions**." Arnold v. Williams, 979 F.3d 262, 266 (5th Cir. 2020) (emphasis added; quotation marks omitted). Second, in any event, "[m]ere negligence … does not give rise to a cognizable constitutional claim under 42 U.S.C. § 1983." Diaz *ex rel.* Diaz  v. Mayor of Corpus Christi, 121 F. App'x 36, 39 (5th Cir. 2005); accord Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be

sought in state court under traditional tort-law principles."); Gardner v. Cato, 841 F.2d 105, 107 (5th Cir. 1988) (holding that negligence is "not cognizable as a violation of the fourteenth amendment").

Further, even if the Court additionally considers the allegations made in plaintiff's opposition to the motion to dismiss as amendments to the complaint,[10] those allegations are still insufficient to state a plausible claim against either Dove or Neal for the following reasons.

As to defendant Dove, plaintiff adds the following allegations: (1) "Gordon Dove is ultimately responsible for the actions of the individuals he hires";[11] and (2) "The Parish President Mr. Dove is responsible for the actions of his staff, including Mr. Neal."[12] However, again, those allegations are nothing more than an impermissible attempt to hold Dove vicariously liable for violations purportedly committed by his employees.

As to defendant Neal, plaintiff adds: (1) "Richard Neal ignored my emergency grievances for 4 days";[13] and (2) "There is no excuse that the medical staff, including Richard Neal waited to send me to the hospital for 5 days."[14] However, for the following reasons, the records attached to plaintiff's pleadings show that any claim that his constitutional right to medical care at the jail was violated in that regard is not a **plausible** claim, as is required to survive a Rule 12(b)(6) motion.

It is true that "[t]he Fourteenth Amendment guarantees pretrial detainees a right not to have their serious medical needs met with deliberate indifference on the part of the confining officials."

---

[10] The United States Fifth Circuit Court of Appeals has held that, when a district court is considering a motion to dismiss in a case filed by a *pro se* plaintiff, the court must consider the "complaint under the less stringent standards applicable to *pro se* litigants." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). In such cases, the district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Id. Therefore, a *pro se* litigant's supplemental filings which embellish the original complaint's averments may appropriately be considered when ruling on a motion to dismiss. Id.
[11] Rec. Doc. 39, p. 1.
[12] Id. at p. 4.
[13] Id. at p. 2.
[14] Id. at p. 4.

Dyer v. Houston, 964 F.3d 374, 380 (5th Cir. 2020) (quotation marks omitted).  Here, though, even

if the Court assumes that plaintiff's Staphylococcus infection rose to the level of a serious medical

need,[15] the failure to immediately send him to the hospital was not indicative of deliberate

indifference.

Regarding the "deliberate indifference" requirement, the United States Fifth Circuit Court

of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet.  It is
> indisputable that an incorrect diagnosis by prison medical personnel does not
> suffice to state a claim for deliberate indifference.  Rather, the plaintiff must show
> that the officials refused to treat him, ignored his complaints, intentionally treated
> him incorrectly, or engaged in any similar conduct that would clearly evince a
> wanton disregard for any serious medical needs.  Furthermore, the decision whether
> to provide additional treatment is a classic example of a matter for medical
> judgment.  And, the failure to alleviate a significant risk that the official should
> have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citations,

quotation marks, and brackets omitted).

Based on the records plaintiff himself has submitted for this Court's consideration,[16] it is

clear that plaintiff cannot show deliberate difference under that stringent standard.   See Banuelos

v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations,

diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

For example, plaintiff attached to his amended federal complaint three administrative

grievances he filed at the jail concerning his need for medical attention.  He submitted the first

---

[15] "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required."  Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Because plaintiff's claims against Neal must be dismissed regardless for the reasons stated herein, the Court will simply assume for the purposes of this decision that plaintiff's infection constituted a "serious medical need."

[16] Although a court normally may not go outside the complaint when considering a Rule 12(b)(6) motion, "the court may consider documents attached to the complaint."  Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839 (5th Cir. 2004). Cf. Rhine v. Ellison, 537 F. App'x 410, 411 (5th Cir. 2013) ("Review of whether [plaintiff] stated a claim for the denial of adequate medical care is limited to her complaint, more definite statement, **and the medical records she attached to her more definite statement**." (emphasis added)).

grievance at 6:31 p.m. on Friday, October 11, 2019, the second on Saturday, October 12, at 6:24 p.m., and the third on Sunday, October 13, at 5:58 p.m.  Neal responded to those three grievances on Tuesday, October 15, at 6:50 a.m., 6:52 a.m., and 6:54 a.m., noting that plaintiff would be seen by a doctor that same day.[17]  The records plaintiff attached to his opposition to the instant motion further show that he was in fact provided with medical attention even **before** Neal provided those formal responses.  For example, plaintiff attached at "Request for Medical Attention Form" submitted at 10:00 p.m. on Friday, October 11; that request was received by the medical staff the following day, October 12, and plaintiff was seen at that time.  During that examination, the medical staff noted that plaintiff had an "infection to chin area at hair follicle" and prescribed Bactrim, an antibiotic used to treat infections,[18] and Ibuprofen, a nonsteroidal anti-inflammatory drug used to treat mild to severe pain, "per standing orders."[19]  Plaintiff was then again seen in the medical department on Monday, October 14, at 7:00 a.m., at which time he "stated area getting larger/worse."[20]  It was noted that he would therefore be referred to the doctor for the next available appointment,[21] which, based on Neal's response to the grievances, was October 15.  Moreover, plaintiff has submitted a record from the "Ochsner Medical Center-Chabert" showing that he was in fact transported to that hospital for treatment on October 15 at 10:55 a.m.[22]

That sequence of events simply is not indicative of deliberate indifference.  As noted, plaintiff was seen in the jail medical department on October 12, the very same day the jail medical staff received his "Request for Medical Attention Form," and he was at that time prescribed an antibiotic (either Bactrim **or** Amoxicillin, depending on whether the medical records or plaintiff's

---

[17] Rec. Doc. 18, pp. 7-9.
[18] Plaintiff disputes that he was actually given Bactrim; however, he alleges that he was instead given "high doses" of Amoxicillin, another antibiotic.  See Rec. Doc. 39, p. 3.
[19] Id. at p. 11.
[20] Id. at p. 12.
[21] Id.
[22] Id. at p. 9.

allegations are accurate) and pain medication. When that treatment did not prove effective, he was then again seen in the medical department on October 14, and thereafter transported to the hospital on October 15.

Although plaintiff disagrees with the treatment he was prescribed at the jail, it is clear that, absent exceptional circumstances, such a disagreement concerning medical treatment simply does not constitute deliberate indifference. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). The same is true regarding plaintiff's disagreement with the decision to initially treat him at the jail rather than to immediately send him to an outside medical provider. See Alfred v. Texas Department of Criminal Justice, 80 F. App'x 926, 927-28 (5th Cir. 2003); see also Fowler v. Hodge, 94 F. App'x 710, 713 (10th Cir. 2004); Russell v. Gusman, Civ. Action No. 10-1772, 2011 WL 2457925, at *4 (E.D. La. June 17, 2011) ("This Court notes that plaintiff disagreed in particular with the decision to treat him at the jail's medical department rather than to send him to the hospital. However, that disagreement does not make his claim actionable. … Simply put, a decision as to whether an inmate should be treated in the jail medical department rather than by outside medical providers is a matter of professional medical judgment."); Morrison v. Gusman, Civ. Action No. 10-217, 2010 WL 724173, at *4 (E.D. La. Feb. 22, 2010) ("Once he was incarcerated, [plaintiff's] primary source of medical care became the prison medical department, and it was then up to the prison doctor to decide whether outside care was needed. Such decisions are based on the doctor's professional judgment, and, as such, generally are not second-guessed in a federal civil rights action.").

Further, where, as here, an inmate in fact received medical treatment, federal constitutional protections are not violated simply because that treatment was unsuccessful or because pain persisted despite the treatment. Gobert, 463 F.3d at 346; Williams v. Chief of Medical Operations,

Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); Kron v. Tanner, Civ. Action No. 10-518, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 WL 3171040 (E.D. La. Aug. 6, 2010).   In fact, the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice.   Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004).

For these reasons, the Court finds that plaintiff has not stated a **plausible** claim that Neal was deliberately indifferent to plaintiff's serious medical need.

Accordingly,

**IT IS ORDERED** that the motion to dismiss filed by Gordon Dove and Richard Neal, Rec. Doc. 28, is **GRANTED** and that the claims against those defendants are **DISMISSED WITH PREJUDICE**.[23]

New Orleans, Louisiana, this ___11th___ day of February, 2021.


_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] **Defendants Larpenter, Soignet, and Bergeron have not moved for dismissal of the claims against them, and so those claims are not addressed herein.   Those claims remain pending before the Court.**